Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorney for Mark E. Smith*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE:<br><br>CARL LACKEY,<br><br>Debtor.<br><br>MARK. E. SMITH, an individual,<br><br>    Plaintiff,<br><br>Vs.<br><br>CARL LACKEY, an individual,<br><br>    Defendant.<br>_____/ | Case No. 3:23-bk-50403-hlb<br><br>Chapter 7<br><br>Adv. Pro. 23-05011-hlb<br><br>Hearing Date: 9/20/2023<br><br>Hearing Time: 10:00 a.m.<br><br>**AMENDED MOTION BY PLAINTIFF MARK E. SMITH PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1),11 U.S.C. § 362(d)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND AND FOR RELIEF FROM STAY** |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

MARK E. SMITH ("Smith"), by the undersigned counsel, brings this motion to abstain and remand pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(2) and

1

1334(c)(1) and Fed. R. Bank. P.9027(d) and for relief from the Automatic Stay under 11 U.S.C. § 362(d)(1).

## INTRODUCTION

1. On June 16, 2023, Defendant CARL LACKEY ("Lackey") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy case number 3:23-bk-50403, in the U.S. Bankruptcy Court for the District of Nevada.

2. In Schedule E/F filed concurrently with the petition, Defendant disclosed unsecured creditors' holdings debts, including: Mark E. Smith, Judgment in Civil Case CV17-00434, $77,007.92.

3. Separately, on July 13, 2023, Lackey filed a Notice of Removal of Case No. 2023-cv-00052 in the Ninth Judicial District Court of Nevada, in and for the County of Douglas (the "State Court Case").

4. This adversary proceeding meets all the criteria for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2). It solely concerns non-core, prepetition claims exclusively governed by state law.

5. None of the claims in this adversary proceeding arise under the Bankruptcy Code. None are based on any provision of the Code, any ruling by this Court, any claim filed in this Court, or any plan of reorganization proposed to or approved by this Court (this being a Chapter 7 case, no such plan will ever exist). None of the claims in this adversary proceeding depend on the Bankruptcy Code, or the debtor's Title 11 case, for their existence. All were asserted before the debtor commenced its bankruptcy proceeding.

6. The claims remaining in this adversary proceeding will not affect the administration of the Estate.

7. Alternatively, the Court may abstain and remand under 28 U.S.C. § 1334(c)(1). The test for permissive abstention under § 1334(c)(1) is essentially the same as the test for remand for equitable grounds under 28 U.S.C. § 1452(b). No good reason exists to keep the adversary proceeding in this Court when it was commenced in state court and is governed exclusively by state law.

**FACTS**

8. Smith has been a longstanding critic of Lackey's practices as an employee of the Nevada Department of Wildlife. Smith has been a vocal critic of Lackey's wanton and unnecessary killing of bears in the Incline Village area, where Smith resides.

9. Stung by Smith's public criticism, Mr. Lackey filed a Complaint against Mr. Smith in Washoe County District Court in Case No. CV17-00434 on March 1, 2017. In his Complaint, Lackey alleged that Mr. Smith defamed Lackey.

10. On June 5, 2017, Mr. Smith filed an Anti-SLAPP Special Motion to Dismiss pursuant to NRS 41.660, arguing that Mr. Lackey's case was based upon Smith's good faith communications in furtherance of his right to petition or the right to free speech in direct connection with an issue of public concern.

11. On October 11, 2022, the District Court entered an Order granting Smith's Anti-SLAPP Special Motion to Dismiss Case No. CV17-00434, which disposed of all of Mr. Lackey's claims in the case and found that Lackey was unable to show a probability of success on his claims.

12. Lackey did not file a timely appeal of the Order granting Smith's Anti-SLAPP Special Motion to Dismiss Case No. CV17-00434.

13. The Court in Case No. CV17-00434 also awarded Smith $77,007.92 in attorney's fees and costs, listed in Lackey's Chapter 7 filing.

14. On March 21, 2023, Smith filed the State Court Case against Lackey, alleging a claim for relief under Nevada's SLAPP-Back statute and exemplary damages, which provides a powerful tool for dissuading potential plaintiffs from misusing the legal system. NRS 41.670(1)(c) expressly provides that compensatory damages, punitive damages, and attorney's fees may be recovered in a separate proceeding where the Court grants an Anti-SLAPP special motion to dismiss. Smith's Complaint is attached hereto as Exhibit 1.

15. On April 21, 2023, the Nevada Court issued an order exempting the matter from arbitration. See Exhibit 2.

16. On May 4, 2023, Smith filed a demand that the matter be heard by a jury. See Exhibit 3.

17. At the July 13, 2023, meeting of creditors, Lackey testified that he had a homeowners insurance policy and an umbrella policy that provided coverage and defense for the SLAPP-Back matter.

## ARGUMENT

### I. Abstention

18. 28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction.

19. The adversary proceeding was commenced in state court, the adversary proceeding, including Smith's SLAPP-Back claim against Lackey, is based on state law. Lackey's Notice of Removal cites 28 U.S.C. § 1334 provides the sole basis for federal jurisdiction. Notice of Removal, (ECF # 1). Smith's

4

SLAPP-Back claim does not arise under Title 11 or "arise in a case under Title 11" within the meaning of § 1334(c)(2) and is not a "core" claim.  Smith's claim is subject to mandatory abstention because Smith's SLAPP-Back claim does not involve substantive rights created by federal bankruptcy law and because Smith's SLAPP-Back claim does not depend on bankruptcy laws for its existence.   "Arising under" jurisdiction within the meaning of § 1334 "relates to federal question claims of a particular type – those arising under title 11 of the United States Code (i.e. the Bankruptcy Code.) Claims of this type rest on provisions of the Bankruptcy Code, or require construction of the Bankruptcy Code for their determination." *Ames Department Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Department Stores, Inc.)*, 542 B.R. 121, 135 (Bankr. S.D.N.Y. 2015).

**II.    Remand**

20.    Pursuant to 28 U.S.C. § 1452(b), a bankruptcy court may remand a proceeding removed from state court on "any equitable ground." The statute does not define what constitutes "any equitable ground," but the 9th Circuit has identified factors that courts may consider in determining whether to remand. *Richards v. Richards (In re Richards)*, No. CC-22-1183-GFS, 2023 Bankr. LEXIS 1422, at *7 (B.A.P. 9th Cir. June 1, 2023).  These factors are described in *Deen v. Deen (In re Deen)*, No. SC-21-1035-BSF, 2022 Bankr. LEXIS 1601, at *1 (B.A.P. 9th Cir. June 7, 2022). Applying these factors in this case:

- Efficient Administration of the Estate: Smith filed the SLAPP-back case before Lackey filed for bankruptcy. It does not implicate the bankruptcy estate because Smith only pursues his claim as far as Lackey's insurance policy provides coverage. Hence, a remand would not disrupt the efficient administration of the estate.

- State Law Issues Predominance: The case primarily deals with Anti-SLAPP matters arising under NRS 41.660, a matter of state law, and it predates the bankruptcy filing. The core of the dispute lies outside bankruptcy law.
- Difficult or Unsettled Nature of Applicable Law: Anti-SLAPP law is complex and varies significantly by state, making it more appropriate for a state court that regularly handles these matters.
- Related Proceedings in State Court: Smith's case was initially commenced in the state court, and arose as a cause of action resulting from a previous suit by Lackey, also litigated in state Court, emphasizing the relevance of the state court system in this proceeding.
- Other Jurisdictional Basis: There is no other jurisdictional basis for this Court outside of 28 U.S.C. § 1334; the dispute is solely a state matter.
- Degree of Relatedness to the Main Bankruptcy Case: The SLAPP-back case is unrelated to the bankruptcy case; it was filed before the bankruptcy and does not involve the debtor's estate.
- Substance Over Form of Core Proceeding: The essence of the dispute pertains to Anti-SLAPP matters, based on state law, not a core bankruptcy matter.
- Severability: The SLAPP-Back case can be severed from the bankruptcy case as it does not involve the debtor's estate, thus allowing judgment in the state court with the bankruptcy court's enforcement, if appropriate.

- Burden on Bankruptcy Court's Docket: The remand will lighten the bankruptcy court's docket, and state courts are better equipped to handle Anti-SLAPP and SLAPP Back claims based on state law.
- Forum Shopping: Lackey's bankruptcy filing is an attempt to shift the forum from state to federal court, potentially for a perceived advantage, sympathy, and delay. This should not be rewarded.
- Right to Jury Trial: Smith has demanded a jury in the SLAPP-Back action, and cases are typically heard by a jury, a right preserved in the state court.
- Presence of Nondebtor Parties: There are no other non-debtor parties.
- Comity: Remanding the case respects the principle of comity between state and federal courts.
- Prejudice to Other Parties: There's no discernible prejudice to other parties if the case is remanded to state court. In fact, it could reduce prejudice by ensuring the case is heard in the most appropriate venue, and avoid delays on other parties.

### III. Relief from Stay

21. The automatic stay issued under 11 U.S.C. 362(a)(1) applies to bar the commencement or continuation of Smith's SLAPP-Back action against Lackey. However, a party may seek relief from an automatic stay pursuant to U.S.C. § 362(d)(l) (which permits the Court to modify or condition a stay "for cause").

22. Here, Smith seeks relief from the instant stay for the purpose of collecting the available insurance funds (if liability is found against Lackey) in Smith's SLAPP-Back action against Lackey. While Lackey will be a nominal

Defendant, Smith will limit the action to seek coverage and any liability from the policy.

23. Insurance policies are assets considered property of the bankruptcy estate pursuant to 11 U.S.C. § 541. *ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006). However, while insurance policies are the property of a bankruptcy estate, the insurance proceeds derived from those policies are not necessarily the estate's property.

24. Lackey has liability insurance and Lackey testified that the proceeds of that insurance cover Smith's SLAPP-Back claim as described in his civil Complaint. Smith, therefore, seeks to continue the SLAPP-Back action for which there is likely coverage under Lackey's applicable insurance policies should he obtain any recovery against Lackey.

25. The insurance coverage will permit Smith to recover for his damages via the insurance proceeds without affecting the assets of the bankruptcy of Lackey. Moreover, the proceeds of Lackey's applicable insurance policies would not be made payable to Lackey as a beneficiary, but rather, to Smith as a third party who Lackey harmed, under the terms of the applicable policies. Lackey, therefore, and the estate have no cognizable interest in the proceeds of the applicable policies here.

26. If it is determined during either the initial disclosures or discovery phase of Smith's civil action that there is no applicable coverage under any of Lackey's insurance policies for Smith's damages, then at that point, a stay might be appropriate.

27. Therefore, Smith respectfully requests that the Court grant him relief from the instant stay pursuant to 11 U.S.C. § 362(d)(1) "for cause" as described above.

28.  Cause is determined on a case-by-case basis." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990). In determining whether cause exists to grant relief from the automatic stay to allow a movant to pursue litigation in a non-bankruptcy forum, courts use the factors set forth in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). Applying the *In Re Curtis* factors to this case:

- Resolution of the Issues: Granting relief from the automatic stay would allow for a complete resolution of the SLAPP-Back issues, independent of Lackey's bankruptcy proceedings.
- Connection to the Bankruptcy Case: Smith's case does not interfere with Lackey's bankruptcy case; it's based on actions that took place before the bankruptcy filing and does not involve bankruptcy estate assets.
- Debtor as a Fiduciary: Lackey, in this matter, does not function as a fiduciary. The case is a direct dispute between Smith and Lackey.
- Specialized Tribunal: The state court, well-versed in Nevada's SLAPP-Back law, is the appropriate forum for this dispute.
- Insurance Coverage: Smith is seeking relief from the stay to recover the proceeds of Lackey's insurance policy, in so far as he is determined to be entitled to them. As described above, because these proceeds are not part of the bankruptcy estate, there is no effect on the estate.
- Third Parties: This case directly involves Smith and Lackey. Lackey is not merely functioning as a bailee or conduit.

- Prejudice to Other Parties: The litigation in state court does not prejudice other creditors or interested parties, as it does not involve the bankruptcy estate.
- Equitable Subordination: The defamation claim is not subject to equitable subordination under Section 510(c), as it does not unfairly disadvantage other creditors.
- Avoidable Judicial Lien: A successful outcome for Smith would not result in a judicial lien that would be avoidable by Lackey under Section 522(f), as Smith is seeking to recover against Lackey's insurance, which is not part of the estate.
- Judicial Economy: Judicial economy would be served by permitting the state court to decide Smith's SLAPP-Back claim, an issue within its purview, and with which Nevada courts are more familiar.
- Progress of the Proceedings: Smith's case has progressed significantly, and has been exempted from arbitration.
- Impact of the Stay and "Balance of Hurt": The continuation of the stay would unduly harm Smith, who has a valid SLAPP-Back claim. On the balance, the hurt to Smith far outweighs any potential inconvenience to Lackey, who will be required to litigate this matter in either forum.

///

///

///

///

///

///

WHEREFORE, Smith respectfully moves that this Court abstain from hearing this matter, remand this matter back to the State Court, and grant Smith relief from the Automatic Stay under the provisions of 11 U.S.C. § 362(d)(1).

**DATED** this  Aug 8, 2023

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

**Exhibit List**

1. March 21, 2023 Complaint
2. April 21, 2023 Order Exempting Case from Arbitration
3. May 4, 2023 Jury Demand

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing MOTION BY PLAINTIFF MARK E. SMITH PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND AND RELIEF FROM STAY by:

_____   personally delivering;

_____   delivery via Reno/Carson Messenger Service;

_____   sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_   depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_x\_\_   delivery via electronic means (fax, eflex, NEF, etc.) to:

JEFFREY L HARTMAN notices@bankruptcyreno.com, abg@bankruptcyreno.com
CHRISTINA W. LOVATO trusteelovato@att.net, NV26@ecfcbis.com
JOHN MARK SAMBERG jsamberg@wrslawyers.com, efilingjms@wrslawyers.com
U.S. TRUSTEE - RN - 7 USTPRegion17.RE.ECF@usdoj.gov
BRIAN McMAHON - brian@mcmahonlaw.org

By: /s/ Luke Busby, Esq.            Aug 8, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff