| | |
|---|---|
| Jeffrey L. Hartman, Esq.<br>Nevada Bar No. 1607<br>**HARTMAN & HARTMAN**<br>510 W. Plumb Lane, Suite B<br>Reno, NV 89509<br>T: (775) 324-2800<br>F: (775) 324-1818<br>notices@bankruptcyreno.com<br>Attorney for Debtor | Brian M. McMahon, Esq.<br>Nevada Bar No. 00927<br>**McMAHON LAW OFFICES, LTD.**<br>3715 Lakeside Drive<br>Reno, NV 89509<br>T: (775) 348-2701<br>Brian@mcmahonlaw.org<br>Counsel for Defendant Carl Lackey |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CARL LACKEY,<br><br>    Debtor. | Case No.: BK-23-50403-hlb<br>(Chapter 7) |
| MARK E. SMITH, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CARL LACKEY, an individual,<br><br>    Defendant. | Adversary No.: 23-05011-hlb<br><br>**RESPONSE/OPPOSITION TO MOTION BY PLAINTIFF MARK E. SMITH PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1), 11 U.S.C. § 362(d)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND AND FOR RELIEF FROM STAY**<br><br>Hearing Date:  September 20, 2023<br>Hearing Time: 10:00 a.m. |

Debtor, Carl Lackey ("Mr. Lackey"), hereby responds to the Motion by Plaintiff Mark E. Smith ("Mr. Smith"), Pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(2) And 1334(c)(1),11 U.S.C. § 362(d)(1) And Federal Rule Of Bankruptcy Procedure 9027(d) To Abstain And Remand And For Relief From Stay (the "Smith Motion") filed as **[ECF No. 4]**.  This response is filed in good faith based upon all pleadings and papers on file herein, and the following points and authorities.

1

**SUMMARY**

Based upon the Smith Motion, Mr. Lackey concludes that Mr. Smith has elected to pursue insurance proceeds, if any, available under a homeowner's insurance policy issued by Mr. Lackey's insurance company, Liberty Mutual. If in fact, that is Mr. Smith's position, then Mr. Lackey has no objection to remand, provided that certain conditions and limitations as discussed below are satisfied. Mr. Lackey's underlying concern is that, without stating as much, Mr. Smith is seeking to obtain a judgment in state court that he would assert to be nondischargeable under 11 U.S.C. § 523(a)(6).

Mr. Lackey contends that, by filing nine proofs of claim totaling more than $9 million in this chapter 7 case, Mr. Smith has submitted himself, and his various entities, to the jurisdiction of this Court. In addition, Mr. Lackey contends that Mr. Smith's claim are core matters under 28 U.S.C. §157(b)(2)(A) and (I), and subject to the exclusive jurisdiction of this Court.

Accordingly, if counsel for Mr. Smith represents that he is limiting his recovery to available insurance proceeds, if any, then subject to specific language in an order, Mr. Lackey will not oppose remand.

**POINTS AND AUTHORITIES**

The present action arises in the matter of Carl Lackey, an individual, filing a voluntary petition under chapter 7, as case no. 23-50403, adv. no. 23-05011. One of the matters impacted by the chapter 7 petition is a civil action in the Ninth Judicial District Court, Douglas County, Nevada, Mark Smith v. Carl Lackey, civil action no. 2023-CV-00052 filed March 21, 2023 (the "Ninth Judicial action"). The Ninth Judicial action seeks a jury trial on what appears to be a single claim for relief pursuant to NRS 41.670(1)(c), asserting compensatory damages to be proven at trial, exemplary/punitive damages, attorney fees and costs, interest and other relief.

The Ninth Judicial action has its origin arising from a matter in the Second Judicial District Court entitled Lackey vs. Smith, civil action no. CV17-00434, the "Second Judicial/Steinheimer action". In that action, Smith received an Order which led to Smith's post-judgment relief and ultimately Mr. Lackey's chapter 7 petition.

Smith obtained an Order granting fees and costs in the Second Judicial/Steinheimer action. That action was not tried to a verdict. There was an appeal to the Nevada Supreme Court, a written decision remanding to Judge Steinheimer and a resulting Order awarding fees dated April 10, 2023.

Mr. Lackey filed a notice of removal to the United States Bankruptcy Court in the Ninth Judicial action on July 10, 2023.

Mr. Lackey scheduled unsecured debts specifically including Mr. Smith's judgment from the Second Judicial/Steinheimer action. The amount of that judgment is $77,007.92.

All of Mr. Smith's claims in the Ninth Judicial action are pre-petition, contingent claims that have not been defined, litigated or adjudicated.

## SMITH'S REQUEST FOR RELIEF

Mr. Smith has filed two motions stating the same waiver of claims not covered by insurance: **[ECF No. 4]** Motion To Abstain and Remand, filed August 8, 2023, and **[ECF No. 27]** Motion For Relief From Stay filed August 28, 2023.

See, [ECF No. 4, at p. 7, lines. 25-27, p. 8, lines. 1-2, lines. 14-20]:

> 22. Here, Smith seeks relief from the instant stay for the purpose of collecting the available insurance funds (if liability is found against Lackey) in Smith's SLAPP-Back action against Lackey. While Lackey will be a nominal Defendant, Smith will limit the action to seek coverage and any liability from the policy.

> 25. The insurance coverage will permit Smith to recover for his damages via the insurance proceeds without affecting the assets of the bankruptcy of Lackey. Moreover, the proceeds of Lackey's applicable insurance policies would not be made payable to Lackey as a beneficiary, but rather, to Smith as a third party who Lackey harmed, under the terms of the applicable policies. Lackey, therefore, and the estate have no cognizable interest in the proceeds of the applicable policies here.

[ECF No. 27, at p. 6, lines.10-19].

> 23. Here, Plaintiffs seek relief from the instant stay for the purpose of collecting the available funds (if liability is found against Lackey) in Smith's action against Lackey. While Lackey will be a nominal Defendant, Plaintiffs will limit the action against Lackey only to seek coverage and any liability in-so-far as Lackey has been indemnified by the State of Nevada under NRS 41.0349, which indemnifies state employees like Mr. Lackey found liable for something they did (or didn't do) related to their public duty or job.

3

Essentially, NRS 41.0349 is a form of public insurance for employees of the State of Nevada, which Mr. Lackey was at the times relevant to the complaint in Case No. CV18-01389.

Mr. Smith's offer to waive and be precluded from prosecuting Mr. Lackey for any damages not covered by insurance is acceptable. Any order setting forth the terms of the Smith waiver must be clear. Any and all damages claimed by Mr. Smith against Mr. Lackey in the Ninth Judicial Action, and any amended claims in that action, will be limited to the availability of insurance proceeds. Any proposed order must be clear that all claims arising from the allegations in the Ninth Judicial action are limited to insurance proceeds that may be available. Mr. Lackey makes no representations on the insurance/defense of Mr. Lackey pursuant to the insurance policy and prosecution of the insurance proceeds is the responsibility of Mr. Smith. In the event Mr. Lackey's insuring company terminates coverage – indemnity and defense – the Ninth Judicial Action will be dismissed. Any order must include Mr. Smith's covenant not to execute against Mr. Lackey. That precludes recording a judgment – if any – against Mr. Lackey.[1]

However, should Mr. Smith alter his representation to waive personal claims against Mr. Lackey, he would be seeking to prosecute contingent damages through a jury trial in the Ninth Judicial action. That would force Mr. Lackey to incur defense costs on the highly speculative contingent damages, possibly defend a declaratory relief action filed by the insuring company, be exposed to statutory damages under NRS 41.670 and at some later date have this matter returned to the jurisdiction of the bankruptcy court to determine whether possible damage claims are dischargeable.

**SMITH'S PROOFS OF CLAIM**

Mr. Smith has filed nine (9) proofs of claim for himself and entities he owns or controls:

| | | |
|---|---|---|
| Claim 2 | Mark E. Smith | $77,007.92 |
| Claim 3 | Mark E. Smith | $7,962,195.00 |

---

[1] As of the date of filing Mr. Lackey's opposition, Mr. Smith has not withdrawn, altered, supplemented or changed his request to proceed against the available insurance proceeds in the Ninth Judicial action.

| | | |
|---|---|---:|
| Claim 4 | Mark E. Smith | $200,000.00 |
| Claim 5 | Mark E. Smith Nevada Trust, a Nevada Irrevocable Trust | $200,000.00 |
| Claim 6 Amended | Mark E. Smith Foundation, a Nevada Non-Profit Corporation | $200,000.00 |
| Claim 7 | Nevada Wildlife Alliance, a Nevada Non-Profit Corporation | $200,000.00 |
| Claim 8 | Ridgetop Holdings, LLC, a California Limited Liability Company | $200,000.00 |
| Claim 9 | RRD International, LLC, a Nevada Limited Liability Company | $200,000.00 |
| Claim 10 | RRD International Corporation, a Panama Corporation | $200,000.00 |

In 1990, the Supreme Court held in *Langenkamp v. Culp*, 498 U.S. 42 (1990), that a creditor's filing of a proof of claim invokes the bankruptcy court's equitable jurisdiction over the creditor's right to participate in the distribution of the estate, *i.e.,* the claims-allowance process. The Nevada Bankruptcy Court, quoting the Ninth Circuit Court of Appeals[2] and citing to the Supreme Court, stated the well-established rule as follows:

> When a creditor submits to bankruptcy court jurisdiction by filing a proof of claim in order to collect all or a portion of a debt, it assumes certain risks. For example, the creditor loses the right to a jury trial on any counter-claims filed by the debtor or the trustee. *See Langenkamp*, 498 U.S. at 44–45. In addition, the creditor loses previously-held rights to assert "legal claims" against the debtor and his estate; bankruptcy "converts the creditor's legal claim into an equitable claim to a pro rata share of the res."

*Smith v. Adelson*, 389 B.R. 902, 916 (D. Nev. 2008).

---

[2] Quoting *Hong Kong and Shanghai Banking Corp., Ltd. v. Simon*, 153 F.3d 991, 997 (9th Cir.1998).

## DIFFERING STANDARDS OF PROOF

The evidentiary standard under bankruptcy law for punitive/non-discharged damages differs significantly when compared to Nevada's standard for punitive damages. Should Mr. Smith change his representations to this Court, he would be proposing to obtain compensatory and punitive damages in the Ninth Judicial action.

NRS 41.670 (c )(1-3) provides:

> (c)    The person against whom the action is brought may bring a separate action to recover:
> (1)  Compensatory damages;
> (2)  Punitive damages; and
> (3)  Attorney's fees and costs of bringing the separate action.

NRS 42.005(1) allows an implied standard to prove punitive damages:

> Except as otherwise provided in NRS 42.007, in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.(Emphasis supplied)

Thus, a state court jury could 'imply' that Mr. Lackey's conduct should result in punitive damages.

The 'implied' standard is very different than that applicable under § 523(a)(6). The sorting function under 11 USC § 523(a)(6) would discharge Mr. Lackey unless his actions were found to be willful and malicious. Willful and malicious are analyzed separately under § 523(a)(6). In bankruptcy cases, to satisfy the willfulness and malicious requirement, the creditor must prove an intended injury:

> To satisfy the "willfulness" test, a creditor must prove that the debtor intended the injury, not just the act that caused it. *Kawaauhau v. Geiger,* 523 U.S. 57, 61-64, 140 L. Ed. 2d 90, 118 S. Ct. 974 (1998). However, the Ninth Circuit has construed this test as encompassing acts performed intentionally with knowledge that the injury was substantially certain to occur. *Su,* 290 F.3d at 1144. The test is subjective: i.e., the court must determine that the debtor actually knew that the injury was substantially certain to occur, not that a reasonable person would have known. *Su,* 290 F.3d at 1143-46.

> To satisfy the test for "malice," a creditor must prove that the act was: (1) wrongful, (2) intentional, (3) necessarily caused injury, and (4) was done without just cause or excuse. *Sicroff,* 401 F.3d at 1106, citing *In re Jercich,* 238 F.3d 1202, 1209 (9th Cir. 2001); *Su,* 290 F.3d at 1146-47. This test is necessarily objective. To hold a creditor's claim is dischargeable, the bankruptcy court must consider "just" the debtor's "cause" or "excuse" for committing the wrongful intentional act that necessarily caused the creditor's injury. See *Sicroff,* 401 F.3d at 1106-07; *In re Bammer,* 131 F.3d 788, 791 (9th Cir. 1997*).*

*Atl. Recording v. Chan,* 325 B.R. 432, 438 (N.D. Cal. 2005).

### **SMITH IS NOT ENTITLED TO A JURY TRIAL**

Citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the Nevada Bankruptcy Court issued its decision in the case of *In re Schmidt*, 188 B.R.36 (D. Nev. 1995), concluding that questions regarding discharge and dischargeability are equitable in nature.

> [T]he remedy sought is equitable in nature in that Jaster seeks a determination that Schmidt is not entitled to bankruptcy relief. As the Bankruptcy Appellate Panel stated in *In re Hooper,* 112 Bankr. at 1009: The genesis of bankruptcy relief was in proceedings brought in English courts of equity . . . Issues surrounding a debtor's discharge and the dischargeability of certain debts are inextricably bound to and arise only in connection with bankruptcy relief because such issues concern whether the debtor will be granted the protection and benefits of bankruptcy. *Id. at 1012* (9th Cir. BAP 1990), *citing,* 1 Norton *Bankruptcy Law and Practice* § 16.02 (1981). *See also, Local Loan Co. v. Hunt, 292 U.S. 234, 241, 78 L. Ed. 1230, 54 S. Ct. 695 (1934)* (orders of discharge are "decrees in equity determining a status"). Thus, under the test of *Granfinanciera,* Schmidt is not entitled to a jury trial.

Having filed proofs of claim in this chapter 7 case, Mr. Smith has submitted to the jurisdiction of the bankruptcy court which has exclusive jurisdiction to determine issues of discharge and dischargeability.

### **CONCLUSION**

Mr. Smith's offer to waive and be precluded from prosecuting Mr. Lackey for any damages not covered by insurance is acceptable. The Court's order stating the terms of Mr. Smith's waiver must be clear.  Any and all damages claimed by Mr. Smith against Mr. Lackey in the Ninth Judicial action, Case No. 2023-CV-00052 filed March 21, 2023 and any amended claims in that action shall be limited to the availability of insurance proceeds.  The order must be clear that all claims arising from the allegations in the Ninth Judicial action against Mr. Lackey are limited to what

insurance proceeds may be available.  Mr. Lackey makes no representations on the insurance and prosecution of the insurance proceeds is the responsibility of Mr. Smith.  The order should include Smith's covenant not to execute against Mr. Lackey; such would preclude recording any judgment against Mr. Lackey.

Respectfully submitted.

DATED: September 6, 2023.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Debtor

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Hartman & Hartman, and that on September 6, 2023, I caused to be served the following document(s):

**RESPONSE/OPPOSITION TO MOTION BY PLAINTIFF MARK E. SMITH PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1), 11 U.S.C. § 362(d)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND AND FOR RELIEF FROM STAY**

I caused to be served the above-named document(s) as indicated below:

✔ a. Via ECF to:

- LUKE BUSBY    luke@lukeandrewbusbyltd.com
- JEFFREY L HARTMAN    notices@bankruptcyreno.com, abg@bankruptcyreno.com
- BRIAN M. MCMAHON    brian@mcmahonlaw.org, justine@mcmahonlaw.org
- JOHN MARK SAMBERG    jsamberg@wrslawyers.com, efilingjms@wrslawyers.com

✔ b. Via Direct Email to: Christina W. Lovato – trusteelovato@att.net

I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 6, 2023.

　　　　　　　　　　　　 */s/ Angie Gerbig*
　　　　　　　　　　　　　Angie Gerbig