Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorney for Mark E. Smith*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| IN RE: <br><br> CARL LACKEY, <br><br> Debtor. <br><br> MARK. E. SMITH, an individual, <br><br>　　Plaintiff, <br><br>　　Vs. <br><br> CARL LACKEY, an individual, <br><br>　　Defendant. <br> _____ / | Case No. 3:23-bk-50403-hlb <br><br> Chapter 7 <br><br> Adv. Pro. 23-05011-hlb <br><br> Hearing Date: 9/27/2023 <br><br> Hearing Time: 10:00 a.m. <br><br> **POINTS AND AUTHORITIES IN REPLY TO RESPONSE BY DEFENDANT CARL LACKEY TO MOTION BY PLAINTIFF MARK E. SMITH PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1),11 U.S.C. § 362(d)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND AND FOR RELIEF FROM STAY** |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

1

MARK E. SMITH ("Smith"), by the undersigned counsel, and hereby files the following Reply to September 6, 2023 Response/Opposition to the motion to abstain and remand pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(2) and 1334(c)(1) and Fed. R. Bank. P.9027(d) and for relief from the Automatic Stay under 11 U.S.C. § 362(d)(1) filed by Defendant CARL LACKEY ("Lackey").

## MEMORANDUM OF POINTS AND AUTHORITIES

Lackey argues that if Smith intends to claim any insurance funds available under the insurance policies provided by Mr. Lackey's insurer, Lackey does not oppose a remand. However, Lackey indicates that his non-opposition is contingent on Smith representing that he is limiting his recovery to available insurance proceeds. Smith still has claims against Mr. Lackey's estate, which are otherwise recoverable only under the bankruptcy process. However, Smith recognizes that under the relief requested in the Motion, his ability to recover on remand would be limited to the proceeds of any applicable insurance policy.

Lackey argues that Mr. Smith's proposal is to forgo and refrain from pursuing Lackey for any damages not insured, but this is not the case. Smith is seeking abstention, remand, and relief from the stay to pursue the proceeds of the applicable insurance policies, but this pursuit does not constitute a waiver of the claim Smith has against the estate of Mr. Lackey within the bankruptcy case.

Lackey's opposition never reaches the primary issues of law before the Court, i.e. whether this adversary proceeding meets all the criteria for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) or permissive abstention under § 1334(c)(1), or remand for equitable grounds under 28 U.S.C. § 1452(b). Lackey offers no reason based on these standards to keep the adversary proceeding in this Court when it was commenced in state court and is governed exclusively by state law.

Lackey argues that his primary worry is that Smith might be trying, without explicitly saying so, to secure a state court judgment that he could argue is non-dischargeable under 11 U.S.C. § 523(a)(6).  Dischargability is a separate issue from that of recovering proceeds of an insurance policy, which is the relief sought in the motion.  However, on September 11, 2023, Smith filed a Motion to Join the adversary proceeding in Case No. 23-05014-hlb along with creditor Carolyn Stark objecting to discharge on separate grounds, i.e. (a) provision of a false statement related to Lackey's initial Petition submissions where Lackey omitted two significant-value assets that belong to the estate (11 U.S.C. Section 727(a)(4)(A)), and (b) for hiding those two assets during and after the submission of his initial Petition Schedules (11 U.S.C. Section 727(a)(2)(B)).

Smith concedes that by filing proofs of claim, he has consented to the jurisdiction of this Court to collect all or a portion of a debt under *Smith v. Adelson*, 389 B.R. 902, 916 (D. Nev. 2008); but, that is not the issue here.  As argued in the underlying Motion, insurance policies are the property of a bankruptcy estate. But, insurance **proceeds** derived from those policies are not the estate's property.  Smith should be free to pursue those proceeds independent of this action because recovery against those policies has no effect on the estate - and in the Motion, Smith seeks limited relief to do just that.

Lackey also argues that the criteria for punitive or non-dischargeable damages under bankruptcy law vary notably from Nevada's benchmark for punitive damages in NRS 42.005, and that the "implied" standard differs from that under 11 USC § 523(a)(6).  To be clear, Smith has a statutory right to punitive damages under Nevada law under the applicable Anti-SLAPP statute, i.e. NRS 41.670(c).  11 USC § 523(a)(6), on the other hand, creates an exception to discharge where there is "willful and malicious injury by the debtor to another

3

entity or to the property of another entity." The question of whether Smith is entitled to punitive damages under his Nevada Law claim, and may recover as much from the proceeds of any applicable insurance policy, is a separate issue as to whether such damages are dischargeable. However, for purposes of the motion, this issue is neither here nor there.

As described in the motion, Smith, seeks to continue the SLAPP-Back action for which there is likely coverage under Lackey's applicable insurance policies in Nevada State Court. The issues raised in the Reply, while related, do not bear on the core question before the Court.

WHEREFORE, Smith respectfully moves that this Court abstain from hearing this matter, remand this matter back to the State Court, and grant Smith relief from the Automatic Stay under the provisions of 11 U.S.C. § 362(d)(1) such that Smith may pursue the proceeds of any applicable insurance policy that may cover his claims in Case No. 2023-cv-00052 in the Ninth Judicial District Court of Nevada, in and for the County of Douglas, as described in the underlying Motion.

**DATED** this Sep 12, 2023

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing REPLY TO RESPONSE TO MOTION BY PLAINTIFF MARK E. SMITH PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND AND RELIEF FROM STAY by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

___x___ delivery via electronic means (fax, eflex, NEF, etc.) to:

JEFFREY L HARTMAN notices@bankruptcyreno.com, abg@bankruptcyreno.com
CHRISTINA W. LOVATO trusteelovato@att.net, NV26@ecfcbis.com
JOHN MARK SAMBERG jsamberg@wrslawyers.com, efilingjms@wrslawyers.com
U.S. TRUSTEE - RN - 7 USTPRegion17.RE.ECF@usdoj.gov
BRIAN McMAHON - brian@mcmahonlaw.org

By: /s/ Luke Busby, Esq.                    Sep 12, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff